(50 South. 616.)

No. 17,804.

STATE ex rel. WILKINSON, Dist. Atty., v. HINGLE.

In re HINGLE.

(Nov. 2, 1909.)

1. PARISHES — PARISH TREASURER — TERM OF OFFICE—HOLDING OVER.

The parish treasurer was elected for two years, under provision of Act No. 121, p. 178, of 1898. He was entitled to hold over until his successor had qualified.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 97; Dec. Dig. § 65.*]

2. OFFICERS (§ 54*)—HOLDING OVER—EFFECT.

The holding over period of an office does not have the effect of extending the term succeeding.

[Ed. Note.—For other cases, see Officers, Dec. Dig. § 54.*]

3. OFFICERS (§ 80*)—TITLE TO OFFICE—COLLATERAL ATTACK.

The treasurer is precluded from questioning in a collateral attack the qualification of the members of his police jury.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 111; Dec. Dig. § 80.*]

4. PLEADING (§ 21*)—INCONSISTENT ALLEGATIONS—ESTOPPEL.

The police jury is not estopped by its pleading in this case. Allegations may be contradictory, and yet not give rise to estoppel.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 44; Dec. Dig. § 21.*]

(Syllabus by the Court.)

Proceedings by the State, on the relation of James Wilkinson, District Attorney, against Felix S. Hingle, to oust him from office. Judgment of ouster was affirmed by the Court of Appeal, and Hingle applies for certiorari or writ of review. Judgment affirmed.

Olivier S. Livaudais, for appellant. N. H. Nunez, Dist. Atty., for appellee.

BREAUX, C. J. A parish treasurer, who has been the incumbent in that office, in the parish of Plaquemines, since June 16, 1900, seeks to continue in office, and to that end urges that his term of office has not expired; that the police jurors who elected his successor had not been elected and qualified; that the police jury was estopped.

The judge of the district court rendered judgment ousting the relator, and in favor of a Mr. Savoie, who was elected his successor.

As above stated, relator was elected by the police jury in 1900.

Under the law two years was the term of office. Act No. 121, p. 178, of 1898.

It follows that his first term expired on June 16, 1902.

It appears from the record that he was re-elected for two years, viz., to June 16, 1904.

He held over, and on the 3d day of January, 1907, he was re-elected his own successor.

At these elections it does not appear by the testimony that he was elected for any particular term of office—whether for two years, or over, or less, is not shown.

Joseph Savoie was elected in 1908 as the successor of relator.

The latter claimed that the office was va-

cant, and that he had the right to hold the office until January 3, 1909. He refused to vacate the office to his said successor.

Proceedings were sued out to oust him from office.

The judge of the district court sustained the application of the new treasurer.

An appeal was taken to this court. The appeal was transferred to the Court of Appeal, as this court did not have jurisdiction.

The Court of Appeal maintained the judgment of the district court.

From the judgment of the Court of Appeal, an application for certiorari addressed to that court was filed.

The matter is before us on the hearing of the writ nisi issued.

The question before us for decision is whether the term of office expired every two years from the first election on the 16th of June, 1900.

In our opinion, the term expired every two years. It was not within the authority of the police jury to extend the time by failing to elect an officer.

Even according to defendant and appellant, his term of office expired on the 1st of last January, and since that time he has continued in office, although another treasurer has been elected to succeed him.

If he were to succeed in his defense, and the matter of his successor were to come up again before the police jury, and a successor other than defendant were elected, it would not be possible to successfully maintain the contention that the term of office begins from the date the office is declared vacant.

There is no reason to hold that one police jury can, by neglecting to elect at the required time, hold a treasurer an indefinite length of time. The statute fixing the term, the police jury cannot disregard the term fixed.

Officers hold until their successors are qualified.

Const. art. 172 (section 2608, Rev. St.), does not have the effect of extending the term. The election should be held at the end of the two years from the date of his election, if two years be the term.

The defendant takes the further ground, in order to continue in office, although his term has expired, that he had the right to prove, when the case was tried in the district court, that the members of the police jury had not taken the oath of office and had not regularly qualified.

This is a collateral attack made by the officer on the very body whose treasurer he is.

He cannot thus be heard to challenge the authority under which he holds. State v. Brooks, 39 La. Ann. 820, 2 South. 498.

The plea of estoppel has no merit.

There were two grounds pleaded, each based on the attempt of the police jury to oust the defendant. The pleas were not fatally inconsistent, and gave no good ground for the plea of estoppel.

The case was twice before us. On the appeal, decided some time since, we arrived at the conclusion that we had no jurisdiction, after we had examined thoroughly into the merits of the case. After that examination, we were convinced that defendant had no right to the office.

As we had no jurisdiction, we did not hand down an opinion.

On the present application, under our supervisory jurisdiction, we can think of no good reason to change our opinion.

The judgment is affirmed.