(67 South. 176)

No. 20230.

EHRET v. POLICE JURY OF PARISH OF JEFFERSON.

(Jan. 11, 1915.)

*(Syllabus by the Court.)*

COUNTIES ☞67—PARISH SECRETARY—REMOVAL—POLICE JURY.

The power of removal, conferred by law upon police juries, enters as much into the employment of a secretary as does the power of appointment, and a police jury has no capacity to avoid the law or abrogate its own functions with respect to either. If it were otherwise, an incoming police jury might impose upon its successor a secretary who would be unacceptable to the new members and out of sympathy with the policy of the body.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 100–103; Dec. Dig. ☞67.]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; P. E. Edrington, Judge.

Action by Casimir J. Ehret against the Police Jury of the Parish of Jefferson. From a judgment for defendant, plaintiff appeals. Affirmed.

John E. Fleury, of Gretna, for appellant. L. H. Marrero, Jr., Dist. Atty., of Gretna, for appellee.

MONROE, C. J. Plaintiff prosecutes this appeal from a judgment sustaining an exception of "no cause of action," to his demand for $3,010, balance alleged to be due for salary as defendant's secretary for the four years beginning July 3, 1912, at $840 per year, payable at the rate of $70 per month, less $350 paid him for the months of July, August, September, October, and November, 1912; the ground upon which he rests his demand being that, having been employed for the term of four years, he was discharged, after five months' service, "without any lawful cause or without any serious ground of complaint, by a resolution of said police jury, adopted on said date [December 4, 1912], which declared his position vacant, and by a further resolution employing William R. Martin as secretary, in his stead, also adopted on said date."

Section 2743 of the Revised Statutes declares that:

"The police juries shall have power to make all such regulations as they deem expedient: * * * Eleventh. To appoint all officers necessary to carry into execution the parish regulations, and to remove them from office."

The power of removal, thus conferred, entered as much into plaintiff's employment as did the power of appointment. It has been said by this court (in a case involving the right of a police jury to remove a parish treasurer) that:

"In conferring on police juries the power of appointment and removal, the Legislature intended to enable those bodies, in cases of expediency and urgency, to act promptly, for the protection and preservation of the public interest."

Referring to an alleged conflict between the provision quoted and article 201 of the Constitution of 1879 (reproduced as article 222 of the present Constitution), providing for the removal of "all other parish, municipal and ward officers," the court said:

"The section of the Revised Statutes refers to functionaries appointed or chosen by a political corporation. The constitutional article applies exclusively to quite different classes of officers, namely, to such as are elected by the

people, or appointed by the executive." Richard v. Rousseau, 35 La. Ann. 934.

In the later case of State ex rel. Wilkinson, District Attorney, v. Hingle, In re Hingle, Applying, etc., 124 La. 655, 50 South. 616, which also involved the office of parish treasurer, it was found that by Act 121 of 1898, p. 178, the term of that office had been fixed at two years, and the court held that the term expired every two years, and was not extended by the failure of the police jury to re-elect the incumbent. In other words, it was held, in the case cited, as we hold here, that the law entered into the contract of employment and could not be avoided by the acts or omissions of the police jury. If it were otherwise, an incoming police jury might impose upon its successors in office a secretary who would be unacceptable to the new members and out of sympathy with the policy of the body. The judgment appealed from is accordingly

Affirmed.