His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Certain police jurors of the Parish of Jefferson resigned their offices on May 1st, 1915.
On the same day the Governor appointed defendants for the unexpired term.
Under the terms of Act 112 of 1912, the Governor fills vacancies by appointment, if the unexpired term be for less than one year. Otherwise the vacancy is filled by election.
By the terms of Act 161 of 1894, police jurors are elected at the general State election — and hold their offices for four years.
It is a well settled principle of public law that the terms of elective officers begin and end with the election, unless otherwise provided by law.
But we think that as to police jurors, a purely statutory office, the law has otherwise provided, as it had the right to do.
Article 83 of the Constitution of 1913, Section 25 of Act 152 of 1898, Act 41 of. 1873, p. 80, and paragraph 3 of Section 3 of Act 159 of 1912, when taken together, show that no civil officer is permitted to assume office without a commission issued to him by the Governor of the State, except those specially exempted.
*150 But the right to hold an office which can be assumed only by virtue of a commission involves necessarily the right to demand and obtain possession of that commission.
Marbury vs. Madison, 1 Branch, 137.
And the right to demand and obtain a commission necessarily implies that a commission may lawfully issue to the claimant.
It follows, therefore, that when the Legislature provided, as it did in Section 25 of Act 152 of 1898, that no commission should issue until thirty days after the election, the Legislature said in words clear and unambiguous, that elective officers should not assume the offices to which they had been elected until thirty days after the election.
But to say that an elected officer shall not assume the duties of his office until some certain period thereafter, is in effect, to say that his termi of office shall not begin until that time is reached; in fact the former mode of expressing the time at which an officer’s term begins is quite as usual as the latter.
Not to multiply examples we mention only two — Article 54 of the Constitution of 1913 declares that “the Governor and Lieutenant Governor shall enter on the discharge of their duties the first Monday next ensuing the announcement by the General Assembly of the result of the election for Governor and Lieutenant Governor.” This ha,s no other meaning than that their term of office shall begin at that time.
And again, Section 3 -of Act 159 of 1912, provides that the Mayor and ’Commission Councilmen of New Orleans shall be elected the Tuesday following the first Monday in November every four years, and “shall take their *151 seats and assume charge of the offices to which they shall have respectively been elected, on the first Monday of the month of December following their election;” which is to say that their term of office shall not begin until then.
The proposition may be re-stated .as follows: No one may assume an office to which he has been elected without a commission from the Governor; no commission by the Governor may issue until thirty days after the election. Therefore no one elected to an office may enter upon the discharge of his duties until thirty days after his election. But to declare that an elected officer shall not enter upon the discharge of his duties until thirty days after such election, is the same as to say that his term of office shall not begin until then. Hence when the law provides that no commission shall issue to an elected officer until thirty days after his election, it provides unequivocally that the term of such officer shall not begin until thirty days after such election.
It follows therefore that the term of those police jurors who resigned began thirty days .after the general election of 1912; and that the terms of the police jurors to be elected in 1916 will begin thirty days after the general election of that year.
But inasmuch as regular terms of office follow in rotation, each succeeding the other without intermission (State ex rel. Wilkinson vs. Hingle, 124 La., 655) it necessarily follows that the term of a police juror extends from thirty days after his election until thirty days after the next general election, whereat his successor is to be chosen.
The next general election in this State is fixed by law for the Tuesday after the third Monday in April, 1916, *152 that is to say, for Tuesday, April 18th, 1916; and thirty days thereafter will be May 18th, 1916. Hence when the police jurors elected in 1912, resigned their offices oii May 1st, 1915, the unexpired term thereby vacated ^as for more than a year and should have been filled by election.
Opinion and decree, November 8th, 1915.
Rehearing granted, November 24th, 1915.
We think the judgment appealed from correct, and it is therefore affirmed.
Judgment affirmed.