## STOKER v. POLICE JURY OF SABINE PARISH.

### No. 5866.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1939.

Rehearing Denied April 28, 1939.

Writ of Certiorari and Review Denied June 26, 1939.

HAMITER, Judge.

Judgment for $1,650 is asked by plaintiff against the Police Jury of Sabine Parish, Louisiana. The petition recites that she was illegally discharged by defendant as of date February 16, 1937, from the position of Parish Treasurer, to which she had been regularly elected for a term of two years that began July 1, 1936, and that when discharged she was performing the duties of her office at a salary of $100 per month. The claimed amount is for the salary allegedly due for the balance of the mentioned term.

Exceptions of no cause and no right of action were filed by the Police Jury. These were referred to the merits.

Defendant answered, denying any indebtedness to plaintiff, and, as shown by the brief of its counsel, "affirmatively alleged that the Police Jury, by proper proceedings, had consolidated the offices of Parish Treasurer and Secretary of the Police Jury, and that said action was legal and was taken by it for the protection and preservation of the public interest, and for the economical handling of the business of the Parish of Sabine."

After a hearing of the case on its merits the court rendered judgment decreeing "that the exception of no cause and no right of action filed herein by the defendant be and the same is hereby sustained and the demands of the plaintiff are rejected at her costs, and her suit dismissed." She appealed from the judgment.

Plaintiff first assumed the duties of Treasurer of Sabine Parish, Louisiana, on July 1, 1924. She continued to serve in that capacity, under biannual appointments made by the Police Jury, until February 15, 1937. The last appointment became effective July 1, 1936, and the salary received by her thereunder was $100 per month.

On February 10, 1937, defendant met in regular session. At this meeting it adopted a proposal to combine the offices of secretary and treasurer of Sabine Parish, effective February 15, 1937, and elected J. M. Abington to the position of secretary-treasurer. The salary of the office was fixed at $125 per month.

Plaintiff has been paid no salary as treasurer since February 15, 1937, on which date her services were discontinued.

It is the contention of plaintiff that by reason of the provisions of Act No. 121 of 1898, her appointment that became effec-

J. Reuel Boone and Olin D. Moore, both of Many, for appellant.

Edwin M. Fraser and R. A. Fraser, both of Many, for appellee.

tive July 1, 1936, was for a term of two years, or until July 1, 1938. This statute recites in part: "The parish treasurers throughout the State shall be elected by their Police Juries for the term of two years, * * *." On the other hand, defendant urges that Act No. 122 of 1924 supercedes the referred to legislation and is authority for its consolidation of the positions of secretary and treasurer, which was done in the interest of economy, and the consequent discharging of plaintiff as treasurer. No other reason for the discharge is assigned by it in this court. The statute of 1924 reads as follows:

"An Act To authorize the several police juries of the State to combine the offices of Parish Treasurer and Clerk of the Police Jury and to elect one person to fill both offices; to fix the salary to be paid to the person elected to the two offices and providing that such officer shall give the same bond as now required of parish treasurer.

"Section 1. Be it enacted by the Legislature of Louisiana, That the several police juries of the State are hereby authorized to combine the offices of parish treasurer and clerk of the police jury and to elect one person to both of said offices.

"Section 2. That whenever one person is elected to the offices of parish treasurer and clerk of the police jury he shall perform all of the services required of both such officers and shall give the bond now, or that may hereafter be, required of parish treasurers.

"Section 3. That whenever the police juries exercise the authority hereby granted them they shall at the same time fix the salary to be paid to the person elected to both of said offices, said salary to be full compensation for all services rendered.

"Section 4. That all laws, or parts of laws, in conflict herewith be, and the same are, hereby repealed."

▆ "Police juries are political corporations to which the sovereign state has delegated a limited portion of its governmental or police powers. Their rights and powers are defined by the Legislature and exist only to the extent delegated to them by positive legislation." State ex rel. Porterie, Attorney General et al. v. Smith et al., 182 La. 662, 162 So. 413, 420.

Section 2743 of the Revised Statutes of Louisiana, as amended and reenacted by Act No. 234 of 1928, provides that:

"The police juries shall have power to make all such regulations as they may deem expedient:

*    *    *    *    *    *

"Tenth—To appoint a treasurer for the Parish.

"Eleventh—To appoint all officers necessary to carry into execution the parish regulations, and to remove them from office."

▆▆ The Legislature, however, specifically directed that the treasurer of a parish shall be chosen for a term of two years. Act No. 121 of 1898, quoted supra. This term was expressly fixed, and the police jury was bound thereby. State ex rel. Wilkinson, District Attorney v. Hingle, 124 La. 655, 50 So. 616. The statutory restriction excepted the parish treasurer from the application of the recognized rule that a police jury may remove at will the officers appointed by it. No specific term of office has been provided by the legislature for a secretary or clerk to a police jury, and he is dischargeable at the pleasure of the body selecting him. The Supreme Court in Ehret v. Police Jury, 136 La. 391, 67 So. 176, considered the matter of the discharging of a secretary to a police jury who had been appointed under the authority of Revised Statute, § 2743, and said: "The power of removal, thus conferred, entered as much into plaintiff's employment as did the power of appointment."

In the instant case plaintiff's last appointment was made on June 10, 1936, and, as before stated, became effective at the commencement of the regular or full term of office on July 1, 1936. Considering this and in view of the discussed statutory period, she was entitled to serve for two years, or until July 1, 1938, unless the provisions of Act No. 122 of 1924, quoted supra, furnished authority for defendant's discontinuing her services through its action of consolidation. Thus the question is presented: Has Act No. 121 of 1898, in so far as it fixes the term of office of a parish treasurer, been repealed or otherwise affected by Act No. 122 of 1924?

▆ "Laws may be repealed either entirely or partially, by other laws." Civ. Code, art. 22. "The repeal is either express or implied: It is express, when it is literally declared by a subsequent law; It is implied, when the new law contains provisions contrary to, or irreconcilable with

those of the former law. * * *" Civ. Code, art. 23.

■ With reference to the subject of repeal, the Supreme Court said in Weller v. Van Hoven, 42 La.Ann. 600, 7 So. 702:

"Repeals by implication are universally disfavored. The principle formulated by Mr. Sedgwick, and approved by this tribunal, as well as by courts generally, that

" 'laws are presumed to be passed with deliberation, and with 'full knowledge of all existing ones on the same subject; and it is, therefore, but reasonable to conclude that the legislature, in passing a statute, did not intend to abrogate any prior law relating to the same subject-matter unless the repugnancy between the two is irreconcilable.' Sedg.St. & Const.Law, 106, 98; New Orleans & C. R. Co. v. City of New Orleans, 34 La.Ann. [429], 441, and authorities there cited."

■ It was stated in the comparatively recent case of State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601, that repeals by implication are not favored and will not be indulged if there is any other reasonable construction; that prior laws are repealed by subsequent laws only in case of positive enactment or clear repugnancy; and that nothing short of irreconcilable conflict between two statutes works a repeal by implication.

■ Act No. 122 of 1924 contains the usual and general repealing clause that, "all laws, or parts of laws, in conflict herewith be, and the same are, hereby repealed" (section 4); but Act No. 121 of 1898 is not specifically referred to therein or expressly repealed. Furthermore, we find no irreconcilable conflict or clear repugnancy between the two statutes to justify a holding that repeal has been provided by implication.

■ The Act of 1924 is not mandatory in character, and, therefore, a police jury is not required to combine the offices of treasurer and clerk or secretary. The political corporation is merely authorized or permitted thereby, at its option, to effect the combination. This authorized change can be made, without doing violence to the provisions of Act No. 121 of 1898. A consolidation of the offices to become effective at the commencement of a two-year term is possible and permissible; or the treasurer, while serving, may be required to perform the duties of the clerk or secretary in addition to his own during the remainder of his term. No fixed term of office has been stipulated by the legislature for a clerk or secretary, and his removal may take place at any time. In fact, the last mentioned office is purely a creature of the police jury.

■ It is therefore our opinion that plaintiff was not legally discharged, and she is entitled to be paid the salary claimed.

The cases of State ex rel. Loeb v. Jordan, 149 La. 312, 89 So. 15, and Higginbotham v. City of Baton Rouge, 190 La. 821, 183 So. 168, are cited and relied on by defendant. They appear to be inapplicable. In each of those cases the complaining official or employee was both appointed and discharged by the municipality under appropriate authority of the legislature.

Accordingly, the judgment appealed from is reversed and set aside, the exceptions of no cause and no right of action are overruled, and there is now judgment in favor of plaintiff, Mrs. Mabel Williams Stoker, and against the defendant, the Police Jury of Sabine Parish, Louisiana, in the sum of $1,650, with five per cent per annum interest thereon from judicial demand until paid. Defendant shall pay all costs of both courts.