Dear Rep. Triche:
This office recently received your opinion request dated January 18, 2001, in which you present several issues dealing with the Lafourche Parish Council and the Lafourche Parish Library Board of Control. In your request you advise that the Library Board of Control terminated the Library director for mismanagement, incompetence, and/or theft in regard to public funds.
You further advise that the Lafourche Parish Council subsequently dismissed several Library Board of Control members, by resolution of the Parish Council. Your letter further states that on or about October 19, 2000 the Parish Council rehired the library director without the authority or approval of the Library Board of Control.
Pertinent statutes addressing this matter include LA R.S. 25:214B, which states, "The governing authority of the parish shall, in the ordinance creating a public library, name and appoint, at its option, not less than five citizens nor more than seven citizens of the parish as a board of control for such parish library to serve for terms of one, two, three, four, and five years, the successors of whom shall each be appointed for a term of five years. The president of the police jury shall be ex officio, a member of the board of control for such public library, provided however that the president of the police jury shall have the right to designate another member of the governing authority of the parish to serve in his place and stead on the board of control of such public library."
LA R.S. 25:215 deals with the powers and duties of the library control board. It states in pertinent part:
 A. The board of control shall meet and organize immediately after their appointment and annually thereafter and elect a president, vice-president, secretary, and treasurer, whose duties shall be those customarily, exercised by such officers. The board of control shall have authority to establish rules and regulations for its own government and that of the library not inconsistent with law; to elect and employ a librarian, and, upon the recommendation and approval of the latter, to employ assistant librarians and other employees and fix their salaries and compensation; provided that no contract of employment shall be made for a longer period than four years nor with any person as head librarian who has not been certified by the State Board of Library Examiners as provided in R.S. 25:222. The head librarian may be appointed or elected secretary of the board of control.
In opinion number 74-1732, our office addressed the issue of the power of a police jury to legally remove an individual from a position on a library board to which he had been appointed by the police jury and whether the police jury could remove that individual before his term of office expired. In that opinion, we stated as follows:
 We find in the case of Stoker v. Police Jury of Sabine Parish, 190 So. 192 (La. 2d Cir. 1939), the jurisprudential guidelines necessary to resolve the issue which you have presented. The court said:
 . . . . The Legislature, however, specifically directed that the treasurer of a parish shall be chosen for a term of two years. Act No. 121 of 1898, quoted supra. This term was expressly fixed, and the police jury was bound thereby. State ex rel. Wilkinson, District Attorney v. Hingle, 124 La. 655, 50 So. 616. The statutory restriction excepted the parish treasurer from the application of the recognized rule that a police jury may remove at will the officers appointed by it. No specific term of office has been provided by the legislature for a secretary or clerk to the police jury, and he is dischargeable at the pleasure of the body selecting him. The Supreme Court in Ehret v. Police Jury, 136 La. 391, 67 So. 176, considered the matter of the discharging of a secretary to a police jury who had been appointed under the authority of Revised Statute, § 2743, and said: "The power of removal, thus conferred, entered as much into plaintiff's employment as did the power of appointment."
 Hence, it is our opinion that where a term of office is fixed by the legislature, the police jury may not remove an individual from that office before his term expires. In the absence of action by the legislature fixing the term of office, the police jury may remove at will the officers appointed by it.
Considering the above and the provisions of LA R.S. 25:214, where the legislature specifically provided terms for these positions, it is the opinion of this office that the Lafourche Parish Council lacked the authority to terminate members of the board prior to the expiration of their term. (A copy of Opinion Number 74-1732, as well as Attorney General Opinion 1940-42 pg. 3042, which also addresses this matter, are attached.) Furthermore, absent any resignations by the board members, such board members remain on the board.
With regard to the rehiring of the director by the Lafourche Parish Council, it is the opinion of this office that the Parish Council also lacked the authority to rehire such employee of the Lafourche Parish Library Board of Control. Under the clear language of LA R.S. 25:215, cited above, the Library Board of Control has been given the authority to hire its employees.
That power and authority is given by the statute exclusively to the Library Board of Control and may not be usurped by the Lafourche Parish Council. (See also Opinion Number 76-1843 wherein our office held that the police jury has no authority to employ and/or discharge the librarian or other staff members, nor is it authorized to establish rules and regulations for government of the Library Board or the library.)
Your request also questions whether members of the board can be fired for just cause. The statutes do not address this issue. In Attorney General Opinion 1940-42 pg. 3042, our office stated, "This Department is of the opinion that those persons composing the Board of Control of your Parish Library who were appointed for terms of one, two, three, four and five years, respectively, including the person who has completed his one-year term and has been reappointed for a five year term, are not subject to removal without cause based upon sufficient complaint of neglect of duty, etc., during their terms of office."
Finally, with regard to the actions of the Lafourche Parish Council in connection with this matter being taken by resolution vote, our office has recently advised the Lafourche Parish Council in Opinion Number 00-364, as well as Opinion Number 00-448 that such resolutions enacted by the Lafourche Parish Council do not have the effect of law and the parish president has no duty to enforce them.
We trust that the above has adequately responded to your request. If you should have further questions or comments, please contact our office. With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB, ATTORNEY GENERAL
 BY: ____________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB, Jr.,:mjb Attachments
Date Received: Date Released: February 23, 2001
CHARLES H. BRAUD, JR. Assistant Attorney General
OPINION NUMBER 74-1732
Mr. Robert M. Becnel Secretary/Treasurer St. John the Baptist Parish Police Jury LaPlace
You ask our opinion with respect to the powers of a police jury to legally remove an individual from a position to which he has been appointed by the police jury; specifically, you ask whether or not the police jury may remove that individual before his term of office expires. Furthermore, you are particularly interested in the law applicable to the following: (a) sewerage district (b) Planning commission (c) library board; (d) housing authority; (e) recreation district and (f) water district.
We find in the case of Stoker v. Police Jury of Sabine Parish,190 So. 192 (La. 2d Cir. 1939), the jurisprudential guidelines necessary to resolve the issue which you have presented. The court said:
 . . . . The Legislature, however, specifically directed that the treasurer of a parish shall be chosen for a term of two years. Act No. 121 of 1898, quoted supra. This term was expressly fixed, and the police jury was bound thereby. State ex rel. Wilkinson, District Attorney v. Hingle, 124 La. 655, 50 So. 616. The statutory restriction excepted the parish treasurer from the application of the recognized rule that a police jury may remove at will the officers appointed by it. No specific term of office has been provided by the legislature for a secretary or clerk to a police jury, and he is dischargeable at the pleasure of the body selecting him. The Supreme Court in Ehret v. Police Jury, 136 La. 391, 67 So. 176, considered the matter of the discharging of a secretary to a police jury who had been appointed under the authority of Revised Statute, § 2743, and said: "The power of removal, thus conferred, entered as much into plaintiffs employment as did the power of appointment.". . .
Hence, it is our opinion that where a term of office is fixed by the legislature, the police jury may not remove an individual from that office before his term expires. In the absence of action by the legislature fixing the term of office, the police jury may remove at will the officers appointed by it.
R.S. 33:3887 authorizes the police jury to appoint three property taxpayers residing within the sewerage district as the board of supervisors thereof. That statute does not fix a term of office for that board. Therefore, our conclusion is that the police jury may remove members of the board of supervisors of a sewerage district at will.
R.S. 33:103 authorizes the police jury to appoint the members of the parish planning commission. That statute also fixes a term of office for the members. Therefore, we conclude that the police jury cannot remove the members from office at will before the expiration of their term; however, that statute provides that after public hearing the police jury may remove any member of the commission for inefficiency, neglect of duty, or malfeasance in office.
R.S. 25:214 authorizes the police jury to name and appoint five citizens of the parish as members of the board of control of their public library. That statute also fixes the terms of office for those members. R.S. 40:401 authorizes the police jury to appoint five persons as the commissioners of the housing authority in the parish. That statute also fixes the terms of office for those commissioners. R.S. 33:4564
authorizes the police jury to appoint the members of the board of commissioners of their recreation district. That statute also fixes the term of office for those commissioners. Therefore, it is our conclusion that the police jury cannot remove at will the following officers whom they have appointed before the terms of office of those individuals have expired: (a)members of the board of control of their public library; (b) commissioners of their housing authority; and (c) commissioners of their recreation district.
R.S. 33:3813 authorizes the police jury to appoint five commissioners to administer the affairs of their waterworks district. That statute fixes the term of office for the first term only. After the expiration of the first term, the commissioners serve at the pleasure of the police jury. Therefore, it is our conclusion that the police jury may remove these commissioners at will provided that the present term of office is not the first term resulting from the creation of the district
1/6/75 Stephen J. Caire
OPINION NUMBER 74-1856
Mr. Guy Wootan Custodian of Notarial Records for the Parish of Orleans New Orleans
You ask if a notary public who has lost his commission by judgment of the Civil District Court for the Parish of Orleans can apply for a new commission.
The last paragraph of R.S. 35:328 clearly answers your question. That paragraph indicates that the legislature anticipated that a person, "ceasing by removal or otherwise to be a notary," could again be appointed to that office.
Hence, it is our opinion that a notary can apply for a new commission after having a previous commission revoked
If your police jury has in its general fund or in the gasoline fund of your parish, funds with which to pay the sponsor's part, without impairing the obligations of the parish to meet its legal and fixed charges as set up in the budget, it is the opinion of this Department that it can do so under the authority of Section 1 of Act 177 of 1932.
Yours very truly,
 W.D. GOFF, First Assistant Attorney, General.
 Police jury cannot remove from office persona appointed to Board of Control of Parish Library without cause based upon sufficient complaint of neglect of duty, etc. during their terms of office.
February 10, 1941.
 Honorable Dewey J. Sanchez, District Attorney, 19th Judicial District, Baton Rouge, Louisiana.
Dear Mr. Sanchez:
Under date of February 6th, you advised the Attorney General that the Police Jury of the Parish of East Baton Rouge at its meeting of May 16, 1939, established by ordinance a Parish Public Library, under the authority of Act 36 of 1926.
You further stated that, in accordance with Section 4 of Act 36 of 1926, the ordinance provided for the appointment of a Board of Control for such Library composed of five members; that three of the members appointed under said ordinance were members of the Police Jury as then existing, the fourth member was the Mayor of the City of Baton Rouge, and the fifth member so appointed held no public office; that two of the three members of the Police Jury who were appointed are at this time not members of the Police Jury and that the person who was the Mayor of the City of Baton Rouge at the time of his appointment is no longer such Mayor.
I further observe from your letter that there has been no complaint as to the services of the members of the Board of Control, but that the Police Jury desires to vacate the appointment of those members of the Board who are not now members of the Police Jury and likewise the appointment of the person who was Mayor of the City of Baton Rouge at the time of his appointment, but who is not now Mayor of the City of Baton Rouge, and to appoint in their stead as members of the Board a sufficient number of the members of the present Police Jury so as to control the Board of Control and the expenditure by the Board of the $15,000.00 appropriated by the Police Jury annually for the support of the Parish Library. You desire an opinion of this Department as to whether the Police Jury may by resolution or ordinance vacate such memberships of the Board of Control of the Library, as herein mentioned, and appoint other persons to these memberships.
I assume that the five persons who were originally appointed by the Police Jury as members of the Board of Control of the Parish Library were selected for terms of one, two, three, four and five years and that the President of the then Police Jury was made an ex-officio member of the Board, all as required by Section 4 of the statute referred to. However, as the statute does not require that a mayor of a municipality should be an ex-officio member of a board of control of a parish library, I assume that the mayor who was appointed as a member of the Board was selected without reference to his official capacity, but merely as a private citizen. (Since beginning the dictation of this letter, I have been advised by you over the telephone that my assumptions heretofore expressed are correct and that five members of the Board of Control of the Library were appointed for terms of one, two, three, four and five years and that the former Mayor of the City of Baton Rouge was appointed without reference to his official connection with said city.)
I am further advised that the member whose term expired on May 16, 1940, based on a one-year appointment has been reappointed, and I further assume that his reappointment was for a term of five years, as provided in the statute under discussion.
This Department is of the opinion that those persons composing the Board of Control of your Parish Library who were appointed for terms of one, two, three, four and five years, respectively, including the person who has completed his one-year term. and has been reappointed for a five year term, are not subject to removal without cause based upon sufficient complaint of neglect of duty, etc., during their terms of office.
The mere fact that the Police Jury desires to supervise the Library and control the expenditures of appropriations made by the Police Jury for its support would not justify or authorize the removal of members of the Board of Control against whom there was no criticism made or complaint filed. In fact, the very purpose of the statute in providing for overlapping terms of the members of the Board of Control was to prevent their removal without proper cause and to permit them to exercise their judgment without interference as to all matters presented to the Board for its determination and, also, to allow the Board of Control to supervise the conduct of the Library without interference.
Trusting that the information contained herein is sufficient for your purposes, I remain,
Very truly yours,
 A. M. SUTHON, Special Assistant Attorney General.