Dear Mr. Jaques:
Your inquiry to this office is restated as follows:
 May a police jury, in appointing new library board of control members, or in reappointing members whose terms have expired, set the new term to begin on the date of appointment or reappointment?
Our response to your question requires our review of R.S. 25:214, providing:
 A. The governing authority of the municipality shall, in the ordinance creating a public library, name and appoint five citizens of the municipality as a board of control for such public library to serve for terms of one, two, three, four, and five years, the successors of whom shall each be appointed for a term of five years. The mayor of the municipality shall be ex officio, a member of the board of control of such public library, provided however that he shall have the right to designate another member of the governing authority of the municipality to serve in his place and stead on the board of control of such public library.
 B. The governing authority of the parish shall, in the ordinance creating a public library, name and appoint, at its option, not less than five citizens nor more than seven citizens of the parish as a board of control for such parish library to serve for terms of one, two, three, four, and five years, the successors of whom shall each be appointed for a term of five years. The president of the police jury shall be ex officio, a member of the board of control for such public library, provided however that the president of the police jury shall have the right to designate another member of the governing authority of the parish to serve in his place and stead on the board of control of such public library.
 C. The provisions of this Section shall not apply to the parish of Orleans.
The members of the parish library board of control serve in office for fixed terms. While R.S. 42:2[1] requires a member of the library control board to continue to perform the duties of his appointive office until his successor is inducted, it is not a mechanism to extend the term of office. See State vs. Young (La. 1915) 68 So. 241, holding that the term of an office, being distinct from the tenure of an officer, is not affected by the holding over of an incumbent beyond the expiration of the term for which he was appointed. See also State ex rel. Wilkinson vs.Hingle (La. 1909) 50 So. 616, determining that the holding over period of an office does not extend the term succeeding. Finally, see State vs.Olson, 359 N.W.2d 876, where the court determined that when an incumbent holds over beyond the expiration of his term, as when the successor fails to qualify prior to expiration of the term, it does not affect the term of office, but merely shortens the tenure of his successor.
We hope the foregoing is helpful to you. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date released: May 3, 2002
[1] R.S. 42:2 is entitled "public office to hold office until successor inducted" and provides that "every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office."