Dear Mayor Smith:
This office is in receipt of your request for an opinion of the Attorney General in regard to removal of the City Attorney. You set forth the provisions of Section 4-01 of the Zachary Home Rule Charter as follows:
 Except as otherwise provided by this Charter, all departments, office and agencies shall be under the direction and supervision of the Mayor, and the heads of all departments created by or under this Charter, including the City Attorney, shall be appointed by the Mayor, subject to confirmation by the Council, and shall serve at the pleasure of the Mayor.
You ask, considering this provision, and any applicable state law and jurisprudence, "May the City Council of Zachary, by majority vote, remove the city attorney appointed by the mayor and confirmed by the council and who, according to Section 4-01 of the Zachary Home Rule Charter, shall serve at the pleasure of the Mayor?"
In Atty. Gen. Op. 81-208 this office was presented with a similar provision as that in question wherein the Hammond Special Charter provided as follows:
 The city attorney shall be appointed by the mayor, subject to confirmation by the council, and at the pleasure of the mayor.
The facts therein indicated the mayor dismissed the city attorney, and appointed a successor. The question was whether the appointee could be inducted into office and commence performance of the duties, subject to the confirmation of the council. Relative to this question this office stated, "The initial issue which must be analyzed is the status of the city attorney who has been dismissed."
This office observed the determination of such legal issues is dependent upon the examination of the law under which a municipality operated, and found, "Where there is no fixed term for the appointed official, it has been recognized that the appointing authority may summarily remove the appointive officer, (Ehret v. Police Jury,136 La. 391, 67 So. 176) and the charter provision limits the tenure of the city attorney to service at the pleasure of the mayor." This office stated, "In conclusion, it is our opinion that where an appointing authority has suspended and dismissed an officer who serves at the pleasure of the appointing authority, the officer is summarily relieved from further responsibility and although no successor has been inducted into office; and, that when a successor has been nominated but not confirmed, the nominee is without the power or authority to commence performance of the duties of the office."
In Atty. Gen. Op 86-705 this office found that the mayor was the chief municipal administrative officer and was given the authority to supervise and direct the day to day administration and operation of all municipal departments and agencies, which included the power to remove all municipal employees other than police department personnel. It then concluded, "Therefore, it is the mayor and not the board of aldermen, who has the authority to discharge or fire the municipal attorney. This authority is subject only to confirmation by the board of aldermen."
Following the prior reasoning of this office on similar issues, we must conclude the mayor alone, as the appointing authority, can remove the city attorney.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Received:
Date Released: October 14, 2003