Dear Ms. Arthur:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask the following questions:
 1. Is the Beauregard Tourist Commission separate and independent of the Beauregard Parish Police Jury?
 2. Does the Beauregard Parish Police Jury have the authority to appoint and/or remove commission members?
 3. Is a former director still on the commission or does she have to be reinstated by the Beauregard Parish Police Jury?
 4. Can the Beauregard Tourist Commission remove its funds from the control of the Beauregard Parish Police Jury?
 5. Is the Beauregard Tourist Commission required by statute to submit its annual budget to the Beauregard Parish Police Jury for approval?
 6. Can the Beauregard Tourist Commission change the collection of occupancy taxes to the Beauregard Parish Sheriff?
Your first question is answered by LSA-R.S. 33:4574(A)(2)(g) which states:
 A.(2) Pursuant to Article VI, Sections 19 and 30 of the Constitution of Louisiana, the following commissions and bureaus, hereafter collectively referred to in this chapter as "tourist commissions" or "commissions", are hereby specifically created as special districts or commissions. Each commission should be a body politic and corporate and political subdivision of the state of Louisiana, composed of the following territory:
 (g) Beauregard Tourist Commission composed of all territory in Beauregard Parish. (Emphasis added).
Also of interest is LSA-R.S. 33:4574.3(B)(2) which states:
 B.(2) It is the intention of those provisions to make the commissions provided for in R.S. 33:4574(A)(2), including those in existence prior to June 8, 1995, political subdivisions of the state, separate and independent of the local political subdivisions in which they operate, and to grant directly to such political subdivisions the power of taxation and such other powers as set forth in this Chapter, all as provided for in Article VI, Sections 19 and 30 of the Constitution of Louisiana. (Emphasis added).
As is apparent from both of these statutes as well as the referenced constitutional provisions, tourist commissions created by LSA-R.S.33:4574(A)(2) are each political subdivisions of the state of Louisiana and are separate from the local political subdivisions in which they operate; therefore, the Beauregard Tourist Commission is a separate political subdivision from the Beauregard Parish Police Jury.
The answer to your second question is found in pertinent portions of LSA-R.S. 33:4574 which provide as follows:
 C. (1)(a) Unless otherwise provided in any local, special, or general law for a particular commission, the commission shall be governed by a board of seven directors, hereinafter also referred to as the governing authority of the commission in this Chapter, to be appointed by the governing authority or authorities of the parish or parishes creating the commission or, in the case of the commissions provided for in Paragraph (A)(2) of this Section, those parish or parishes which are within the territory of the commission. . . .
 (b)(i) Unless provided otherwise in any local, special or general law for a particular commission, appointments shall be made from lists of nominees submitted to the governing authority or authorities by private, non-profit groups that have an interest in one or more aspects of the tourism industry;. . . .
 (ii) The directors shall be appointed for terms of three years.
 D. Unless provided otherwise in any local, special, or general laws for a particular commission, the provisions of this Subsection shall apply. The directors so appointed shall elect from among themselves a chairman who shall serve as the chairman for a term of one year. Vacancies among the directors shall be filled in the same manner that the original appointments are made. In addition to the chairman, the commission shall elect from its membership a vice chairman, secretary and treasurer. The office of secretary and treasurer may be combined if the commission so elects.
 E. The commission shall have the power to sue and be sued, to accept grants or donations of every type, to make capital improvements for the purpose of obtaining federal funds, to do all things necessary for the pro-motion and advertisement and publication of information relating to tourist attractions within its jurisdiction. However, the commission shall not exercise any function which results in competition with local retail business or enterprises. Such tourist commission shall not be construed to be a political subdivision of the state or of the parish or parishes creating it.
 F. Notwithstanding Subsection E of this Section, the commissions provided for in Paragraph(A)(2) shall be construed to be political subdivisions of the state.
According to the above-referenced provisions of Section 4574, the directors of the Beauregard Tourist Commission are appointed by the governing authority of the parish unless otherwise provided in any local, special or general law, from lists of nominees submitted to the governing authority by private, non-profit groups that have an interest in one or more aspects of the tourism industry, and shall have terms of three years. Vacancies are filled in the same manner that the original appointments are made, and under general law a director would remain until his successor is appointed. While the Beauregard Parish Police Jury has the authority to appoint commission members, we find no authority for the Beauregard Parish Police Jury to remove commission members, as the legislature has provided for a fixed term of 3 years.
Your third question is also answered by the pertinent provisions of LSA-R.S. 33:4574 which describe the Beauregard Tourist Commission as a separate political subdivision from the Beauregard Parish Police Jury. The Beauregard Parish Police Jury is given the authority to appoint directors, but we find no authority for the Police Jury to remove directors. This office previously addressed the issue of whether a police jury which is given the authority to appoint a member to a board or commission, has the authority to remove that individual before his or her term of office has expired. In Attorney General Opinion 01-29, several cases were cited including, Stoker v. Police Jury of Sabine Parish,190 So. 192 (La. 2d Cir. 1939), State ex rel. Wilkinson, District Attorneyv. Hingle, 124 La. 655, 50 So. 616, and Ehret v. Police Jury, 136 La. 391,67 So. 176, which considered this issue. After a review of these cases, it was opined that if a term of office is fixed by the legislature, the police jury may not remove an individual from that office before his term expires. In the absence of action by the legislature fixing the term of office, the police jury may remove at will the officers appointed by it. If the term of the director who was removed from the Beauregard Tourist Commission by the Beauregard Parish Police Jury was prior to the expiration of her term, which we understand is December 31, 2005, the same reasoning applies; it can be assumed that her removal was not within the authority of the Beauregard Parish Police Jury. Since we have no information to believe this director was not properly appointed by the Beauregard Parish Police Jury to the commission, she continues to be a director of the Beauregard Tourist Commission.
Your fourth question is answered by LSA-R.S. 33:4574.1-A(A)(6)(a), which states, "Commissions provided for in R.S. 33:4574(A)(2) shall impose the tax by resolution or ordinance, and shall have the right to provide in the resolution or ordinance necessary and appropriate rules and regulations for the imposition, collection, and enforcement of the tax." (Emphasis added). This statute allows the Beauregard Tourist Commission to adopt rules for the collection of taxes, meaning the collection of the taxes is controlled by the Beauregard Tourist Commission and not by the Beauregard Parish Police Jury.
Your fifth question asks if the Beauregard Tourist Commission is required to submit its annual budget to the Beauregard Parish Police Jury for approval. This issue was previously addressed by this office in Attorney General Opinion 00-175. The answer is found in LSA-R.S.33:4574(A)(2) which was previously referenced and additionally, in LSA-R.S. 33:4574.3(B)(2). Paragraph (B)(2) provides:
 B.(2) "It is the intention of those provisions to make the commissions provided for in R.S. 33:4574(A)(2), including those in existence prior to June 8, 1995, political subdivisions of the state, separate and independent of the local political subdivisions in which they operate, and to grant directly to such political subdivisions the power of taxation and such other powers as set forth in this Chapter, all as provided for in Article VI, Sections 19 and 30 of the Constitution of Louisiana." (Emphasis added).
We are cognizant of LSA-R.S. 33:4574.2(A) which gives the parish governing authority the right to approve or disprove the commission's annual budget. We believe this applies only to commissions which were enacted pursuant to LSA-R.S. 33:4574(A)(1). It was the opinion of this office in Attorney General Opinion 00-175, and it continues to be our opinion that the above-quoted provisions of LSA-R.S. 33:4574(A)(2) and33:4574.3 indicate legislative intent that the Beauregard Tourist Commission, and other tourist commissions listed in LSA-R.S. 33:4574(A)(2), are to act independently of their respective police juries. Therefore, it is our opinion that your annual budget does not need the approval of the Beauregard Parish Police Jury.
Your last question is answered by LSA-R.S. 33:4574.1-A (A)(6)(e) which states:
 (e) The governing authority of the commission may enter into a cooperative endeavor agreement contract with the governing authority or authorities of the parish or parishes within its territories, or with any public entity authorized to collect sales or use tax, for the collection of the tax which it levies under such terms and conditions it may deem appropriate, including a reasonable collection fee, and may adopt such rules and regulations pursuant thereto regarding the enforcement and collection of the occupancy tax authorized by this Chapter. The commission provided for in R.S. 33:4574(A)(2)(ll)shall have the right to contract with the state for such collection.
This provision certainly allows for the Beauregard Parish Tourist Commission to contract with the public entity of the Beauregard Parish Sheriff to collect its taxes.
We trust your questions have been sufficiently answered. However, if you should need anything further do not hesitate to contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________ Frances J. Pitman Assistant Attorney General
CCF, Jr:FJP:sc